UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BRIAN STEVENS,

      Plaintiff,

    v.                                       No. 2:11-cv-00274-MV-WPL

HOME DEPOT U.S.A., INC. and
CARLOS TOVAR,

      Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff Brian Stevens's *Motion to Remand* (Doc. 3), which argues that removal of this case from state court was improper, in light of the lack of diversity of citizenship existing between Plaintiff and Defendant Carlos Tovar, both of whom are New Mexico residents.  In addition, Plaintiff claims that remand is warranted because Tovar did not acquiesce to removal by joining in the Notice of Removal filed by his Co-Defendant, Home Depot U.S.A., Inc. ("Home Depot").  In response, Home Depot contends that diversity jurisdiction exists because Plaintiff Tovar fraudulently joined Tovar as a Defendant to this action in an effort to avoid removal and that, because Tovar's joinder was improper, Home Depot was not required to obtain his consent to removal.  The Court, having considered the motion, briefs, exhibits, and relevant law, and being otherwise fully informed, finds that Plaintiff's *Motion to Remand* (Doc. 3) should be **DENIED**.

## FACTUAL AND PROCEDURAL BACKGROUND

The incident at issue in this case took place at the Home Depot retail store in Hobbs, New

Mexico. Plaintiff alleges that on October 24, 2010, he entered the store with the intent of purchasing tile, which he found "placed in the store in a bound bundle." (Doc. 1 Ex. B-2, Cplt. ¶ 8). After unsuccessfully attempting to obtain the assistance of an employee in removing the tile from the bundle, the Complaint recites that Plaintiff decided to "cut the tile bundles himself," and gave himself a severe cut to his left forearm, which damaged his radial artery and nerves. *Id*. ¶ 10-11. Plaintiff was ultimately transferred by air ambulance to University Medical Center in Lubbock, Texas, where he underwent surgery to repair the arterial damage.

At the time of the incident, Tovar was Manager of the Hobbs Home Depot store. The Complaint does not assert that he was present at the time of the incident.

On February 22, 2011, Plaintiff filed suit in the First Judicial District Court for Santa Fe County, New Mexico. While the Complaint was titled "Complaint for Personal Injury," it did not set forth any specific causes of action. Rather, Plaintiff alleged that, as Manager of the Hobbs Home Depot, Tovar "was ultimately responsible for product placement within the store, staffing, training and all other activities normally associated with a retail Home Depot store." *Id*. ¶ 6. He further alleged, *inter alia*, that his injuries were proximately caused by the acts and omissions of Home Depot and Tovar, and that Tovar was acting within the course and scope of his employment when the incident occurred, making Home Depot vicariously liable for the acts and omissions of Tovar and its other employees.

On March 30, 2011, Home Depot removed the case to this Court.

## DISCUSSION

Pursuant to 28 U.S.C. § 1332(a), a federal district court possesses original subject-matter

jurisdiction over a case when the parties are diverse in citizenship and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a); *Johnson v. Rodrigues,* 226 F.3d 1103, 1107 (10th Cir. 2000). Diversity of citizenship must be complete – i.e., the state citizenship of each plaintiff must be diverse from the state citizenship of each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *see also Radil v. Sanborn W. Camps, Inc*., 384 F.3d 1220, 1225 (10th Cir. 2004). At the time of removal, Home Depot conceded that Plaintiff and Tovar are both citizens of the State of New Mexico, but contended that the case was nevertheless removable because Tovar was fraudulently joined as a Defendant for the sole purpose of keeping this case in state court.

**Federal Fraudulent Joinder Standards**

"A fraudulent joinder analysis is a jurisdictional inquiry." *Albert v. Smith's Food & Drug Ctrs., Inc.*, 356 F.3d 1242, 1247 (10th Cir. 2004). In *Nerad v. AstraZeneca Pharms., Inc*., the Tenth Circuit held that, where fraudulent joinder is claimed, "the court must decide whether there is a reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant." *Nerad v. AstraZeneca Pharms., Inc*., 203 Fed. Appx. 911, 913 (10th Cir. 2006) (citing *Badon v. RJR Nabisco, Inc*., 224 F.3d 382, 393 (5th Cir. 2000)). Elsewhere, the Tenth Circuit has characterized the burden on the party asserting fraudulent joinder as "heavy":

> To prove their allegation of fraudulent joinder the removing parties must demonstrate that there is no possibility that [the] plaintiff would be able to establish a cause of action against the joined party in state court. In evaluating fraudulent joinder claims, we must initially resolve all disputed questions of fact and all ambiguities in the controlling law in favor of the non-removing party. We are then to determine whether that party has any possibility of recovery against the party whose joinder is questioned.

*Montano v. Allstate Indemnity*, 2000 U.S. App. LEXIS 6852, at *4-5; 2000 Colo. J. C.A.R. 2146 (10th Cir., April 14, 2000) (quotation and marks omitted). Moreover, because "fraudulent joinder claims are assertions that the pleadings are deceptive," the district court may "pierce the

pleadings, consider the entire record, and determine the basis of joinder by any means available." *Nerad,* 203 Fed. Appx. at 913.

**State Law of Liability**

Taking all facts and ambiguities in the controlling law in the light most favorable to Plaintiff, as it must, the Court agrees with Home Depot that Plaintiff does not have any possibility of recovery against Tovar. First, Plaintiff cannot assert a triable cause of action against Tovar based on a theory of premises liability. Pursuant to New Mexico law, an *owner or occupier* of land has a duty "to exercise ordinary care to avoid creating, or permitting, an unreasonable risk of harm to others." *Bober v. New Mexico State Fair*, 808 P.2d 614, 618 (N.M. 1991). It is undisputed that, at the time of the events at issue, Tovar was merely a store employee who was not an occupier of the premises of the Hobbs Home Depot at the time of Plaintiff's injury.

Second, to the extent that Plaintiff sets forth a general negligence cause of action against Tovar, he asserts the general principle from the New Mexico Uniform Jury Instructions that "[e]very person has a duty to exercise ordinary care for the safety of the person and the property of others." UJI 13-1604 NMRA (2011). However, it is also well established under New Mexico law "that there exists a duty assigned to all individuals requiring them to act reasonably under the circumstances according to the standard of conduct imposed upon them by the circumstances." *Calkins v. The Cox Estates*, 110 N.M. 59, 63, 792 P.2d 36, 40 (1990); *see also Torres v. State,* 119 N.M. 609, 612, 894 P.2d 386, 389 (1995) ("Policy determines duty.").

The Court finds that, under the facts at issue, there is no possibility that Tovar had a tort duty to protect Plaintiff from the consequences of his own decision to cut open the tile bundle. In support of this position, Home Depot points to *Lobato v. Payless Drug Stores*, 261 F.2d 406

(10th Cir. 1958), which the Court finds instructive. In *Lobato*, the Tenth Circuit upheld the denial of remand in an action for personal injuries resulting from the sale of a defective bicycle, where the plaintiff brought suit against, *inter alia,* the manager and employees of the drug store where the bicycle was sold. The court noted that "merely being an . . . agent of a corporation does not render one personally liable for a tortious act of the corporation." *Id.* at 409. On the contrary, the court held that

> Specific direction or sanction of, or active participation or cooperation in, a positively wrongful act of commission or omission which operates to the injury or prejudice of the complaining party is necessary to generate individual liability in damages of an officer or agent of a corporation for the tort of the corporation.

*Id.* Because the complaint did not "charge in specific terms any specific acts on the part of the individual defendants which constituted affirmative direction, sanction, participation, or cooperation" in the sale of the defective product, and further, because it appeared from the affidavits of the individual defendants – which went unchallenged by counter-affidavits or other evidence – that they "did not personally have anything to do with the assembly and sale" of the defective product, the Tenth Circuit concluded that the district court was justified in its conclusion that the individual defendants were joined for the purpose of keeping the action in state court. *Id.  See also Archuleta v. Taos Living Center*, 791 F. Supp.2d 1066, 1078 (D.N.M. 2011) ("New Mexico law indicates that an employee of a limited liability company is liable for his or her own negligence").

Here, as in *Lobato*, there is no allegation of any specific act on the part of Tovar that led to Plaintiff's injury. Indeed, to state a negligence claim, a plaintiff must be able to establish:  the existence of a duty that a defendant owes to a plaintiff; breach of that duty, based on a standard of reasonable care; and the fact that the breach was a cause-in-fact and proximate cause of the

5

plaintiff's damages. *See Herrera v. Quality Pontiac*, 2003 NMSC 18, 134 N.M. 43, 47-48, 73 P.3d 181, 185-86 (2003). *See also Ramirez v. Armstrong*, 100 N.M. 538, 541, 673 P.2d 822, 825 (1983), *overruled on other grounds by Folz v. State,* 110 N.M. 457, 460, 797 P.2d 246, 249 (1990) ("In New Mexico, negligence encompasses the concepts of foreseeability of harm to the person injured and of a duty of care toward that person").  Under the facts alleged here, there is no possibility that the absent Tovar, as an agent of Home Depot, sanctioned, cooperated with, or participated in Plaintiff's decision to cut open the bundle of tile, and thus no possibility that he was the cause-in-fact of Plaintiff's injuries.

Because the Court finds that there is no reasonable basis to believe that Plaintiff can prevail on a claim for negligence against Defendant Tovar, it need not reach Plaintiff's argument that remand should be ordered because Tovar failed to join in removal of this action.

## CONCLUSION

For the foregoing reasons, **IT IS THEREFORE ORDERED** that Plaintiff's *Motion to Remand* (Doc. 3) is **DENIED**.

**DATED** this 27th day of January, 2012.

_____
MARTHA VAZQUEZ
U. S. DISTRICT COURT JUDGE