UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

BRIAN STEVENS,

       Plaintiff,

v.

                                                              Civ. No. 11-274 MV/SMV

HOME DEPOT U.S.A., INC.,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion for Summary Judgment and Memorandum in Support [Doc. 32]. The Court, having considered the motion, briefs, relevant law, and being otherwise fully informed, finds that the Motion is well-taken and will be granted.

## BACKGROUND

On October 24, 2010, Plaintiff Brian Stevens entered the Home Depot retail store in Hobbs, New Mexico with the intent of purchasing tile. Doc. 32 at 2. Two friends accompanied him, Joel McMinn and Darrell Thorp. *Id.* After looking at the tile selection, Plaintiff decided on green slate tile. Doc. 32-1 at 5. The tile was packaged on a pallet secured with plastic bands around it. *Id.*

Plaintiff sought assistance from a Home Depot employee to retrieve the tile from the pallet. *Id.* at 6. Specifically, Plaintiff approached an employee seated at a desk in the flooring area. *Id.* The employee was on the telephone. *Id.* Although Plaintiff made eye contact with him, he did not ask him for assistance. *Id.*

After an unspecified period of time, Plaintiff walked away, and he and his friends walked down several aisles looking for another employee to assist them. *Id.* at 7. Although he saw other employees and approached them, they appeared to be busy with other customers, and Plaintiff did not interrupt to ask for assistance. *Id.* Plaintiff does not recall speaking with any Home Depot employee. *Id.*

Plaintiff and his friends then returned to the tile aisle. *Id.* at 9. At that point, Plaintiff decided to cut the plastic bands on the pallet himself in order to retrieve the tile that he wanted to purchase. *Id.* Thorp had a knife with him, which Plaintiff described as approximately four inches long, with a one-inch wide blade. *Id.* Plaintiff took Thorp's knife, and stuck it between the tile and the binding. *Id.* at 13. The next thing Plaintiff remembers was pulling the knife out of his arm. *Id.* at 14. No Home Depot employee advised Plaintiff to attempt to cut the banding himself, saw him attempt it, or was aware that he was attempting it, until after the fact. *Id.* at 12.

The cut to his left forearm caused injury to his artery and muscles. *Id.* His friends drove him to the local hospital, from which he was transferred by air ambulance to University Medical Center in Lubbock, Texas. He underwent surgery to repair the arterial damage.

On February 22, 2011, Plaintiff filed a one-count Complaint for Personal Injury in New Mexico state court. Doc. 1-3. The Complaint alleges that Home Depot proximately caused Plaintiff's injury by failing to properly: display and store tiles in a manner that allowed for proper customer access; staff the Hobbs store; and train employees. *Id.* at ¶ 13. On March 30, 2011, Defendant Home Depot removed the case to this Court under federal diversity jurisdiction. Doc. 1. On April 4, 2012, Defendant filed the instant motion for summary judgment. Doc. 32. Plaintiff filed his response in opposition on April 30, 2012, and Defendant's reply followed on May 10, 2012.

## **LEGAL STANDARD**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Jones v. Kodak Med. Assistance Plan*, 169 F.3d 1287, 1290 (10th Cir. 1999). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Rather, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248.

Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Shapolia v. Los Alamos Nat'l Lab.*, 992 F.2d 1033, 1036 (10th Cir. 1993) (citations omitted). The moving party need not negate the nonmovant's claim, but rather must show "that there is an absence of evidence to support the nonmoving party's case." *Celotex v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party meets its initial burden, the nonmoving party must show that genuine issues remain for trial "as to those dispositive matters for which it carries the burden of proof." *Applied Genetics Int'l Inc. v. First Affiliated Secs., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1991) (citation omitted). The nonmoving party cannot rely upon conclusory allegations or contentions of counsel to defeat summary judgment, *see Pueblo v. Neighborhood Health Ctrs., Inc.*, 847 F.2d 642, 649 (10th Cir. 1988), but rather must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (citation omitted).

Upon a motion for summary judgment, the Court "must view the facts in the light most favorable to the nonmovant and allow the nonmovant the benefit of all reasonable inferences to be

drawn from the evidence." *Kaus v. Standard Ins. Co.*, 985 F. Supp. 1277, 1281 (D. Kan. 1997), *aff'd*, 162 F.3d 1173 (10th Cir. 1998).   If there is no genuine issue of material fact in dispute, then a court must next determine whether the movant is entitled to judgment in its favor as a matter of law.  *See, e.g.*, *Jenkins v. Wood*, 81 F.3d 988, 990 (10th Cir. 1996); *Celotex*, 477 U.S. at 322.

## DISCUSSION

Defendant argues that summary judgment in its favor is warranted because, as a matter of law, Plaintiff cannot establish two elements of its negligence claim, namely that Defendant owed a duty to Plaintiff, or that Defendant's conduct was a proximate cause of Plaintiff's injuries. Plaintiff concedes that this case is "ripe for summary judgment if Home Depot owed no duty to Plaintiff."   Doc. 36 at 6.   Plaintiff, however, contends that:   Home Depot did owe such a duty; whether it breached such a duty is a question of fact for the jury; and because this is "first and foremost a comparative negligence case . . . it is not amenable to summary judgment."  *Id.*

I.  Duty

Under New Mexico law, "[i]t is axiomatic that a negligence action requires that there be a duty owed from the defendant to the plaintiff; that based on a standard of reasonable care under the circumstances, the defendant breached that duty; and that the breach was a cause in fact and proximate cause of the plaintiff's damages."   *Romero v. Giant Stop-N-Go of N.M., Inc.*, 212 P.3d 408, 410 (N.M. Ct. App.), *cert. denied*, 214 P.3d 793 (N.M. 2009).   "A finding of negligence . . . is dependent upon the existence of a duty on the part of the defendant.   Whether a duty exists is a question of law for the courts to decide."   *Schear v. Bd of County Comm'rs of County of Bernalillo*, 687 P.2d 728, 729 (N.M. 1984).

Foreseeability is integral to the element of duty, as "there can be no duty in relation to another person *absent* foreseeability."   *Chavez v. Desert Eagle Distrib. Co. of N.M., LLC*, 151

4

P.3d 77, 83 (N.M. Ct. App. 2006) (citation omitted) (emphasis in original), *cert. denied*, 152 P.3d 151 (N.M. 2007). Specifically, "[i]n determining duty, it must be determined that the injured party was a foreseeable plaintiff – that he was within the zone of danger created by [the defendant's] actions." *Calkins v. Cox Estates*, 792 P.2d 36, 39 (N.M. 1990). In other words, to establish duty, "a potential plaintiff must be reasonably foreseeable to the defendant because of defendant's actions." *Id.*

As the New Mexico Supreme Court has observed, "[f]oreseeability is a critical and essential component of New Mexico's duty analysis because no one is bound to guard against or take measures to avert that which he or she would not reasonably anticipate as likely to happen." *Romero*, 212 P.3d at 410 (quoting *Herrera v. Quality Pontiac*, 73 P.3d 181, 190 (N.M. 2003)). Accordingly, the Court "assess[es] foreseeability by reference to what one might objectively and reasonably expect, not merely what might conceivably occur." *Romero*, 212 P.3d at 410 (quoting *Johnstone v. City of Albuquerque*, 145 P.3d 76, 80 (N.M. Ct. App. 2006)). In evaluating foreseeability, the Court considers "both the status of the plaintiff and the type of harm involved . . . with[] reference to the specific circumstances actually presented." *Romero*, 212 P.3d at 410.

Here, the critical question is whether Home Depot, which stored its tiles in bundles secured to pallets and had a limited number of employees to help customers, should foresee that, as a result, a customer is likely to use a knife, brought into the store by another customer, to attempt to remove the bindings from the tile, and cut himself in the process. After a careful review of the record, the Court finds that the incident giving rise to Plaintiff's negligence claim was not foreseeable by Defendant.

There is no evidence that any Home Depot employee authorized or encouraged Plaintiff to attempt to access the tile himself. *See Madsen v. Scott*, 992 P.2d 268, 273 (N.M. 1999) (finding,

as matter of foreseeability, that homeowner could not be held responsible for injury caused to a visitor by his houseguest's gun, when homeowner did not "authorize or encourage [guest] to bring his gun into his house and [] this action did not benefit Homeowner in any way").   Indeed, there is no evidence to suggest that any of the Home Depot employees present at the Hobbs store at the time of the incident knew, should have known, or could have known that Thorp brought a knife into the store, or that Plaintiff would attempt to use that knife to open the bundles of tile himself. Plaintiff admits that while he made eye contact with one Home Depot employee, and stood near several employees who were assisting other customers, he never asked any of them for help with the tile, expressed impatience with their unavailability, or indicated that he would take matters into his own hands if they were not willing to help him more expeditiously.   In fact, Plaintiff testified that he never uttered a word to any of the Home Depot employees he saw in the store.   Moreover, "there is no evidence [that] anything remotely similar" ever happened at the Hobbs store. *Romero*, 212 P.3d at 411.   Finally, the type of injury at issue in this case, specifically, a customer inflicting on himself an injury with his friend's knife in an attempt to access a bound pallet of merchandise, is not "sufficiently commonplace that business proprietors should be categorically required to foresee such occurrences."   *Id.*

In support of his negligence claim, Plaintiff argues that, by failing to adequately staff its store or diligently and promptly assist customers with merchandise displayed in bound pallets, Home Depot falls below the industry standard, and thus is negligent.   But the law is clear that "conduct that falls below a standard of care does not alone support liability."   *Johnstone*, 145 P.3d at 80.   Because the existence of a duty depends upon the foreseeability of the plaintiff, "[a] plaintiff must show that defendant's actions constituted a wrong against him, not merely that defendant acted beneath a required standard of care and that plaintiff was injured thereby."

6

*Calkins*, 792 P.2d at 39.   In other words, Plaintiff must show a relationship "by which [D]efendant was legally obliged to protect the interest of [P]laintiff."   *Id.*

In an effort to make this showing, Plaintiff cites the opinion of his expert, Alex Balian, for the proposition that "when there is ineffective customer assistance it is rational and foreseeable that consumers will attempt to help themselves."   Doc. 36 at 8; *see also* Doc. 36-2 at 2 (Balian Aff.) ("When there are not enough personnel to adequately serve the customer, then it is foreseeable in the retail industry that the customer will themselves attempt to select the product exposing them to danger.").   Mr. Balian's opinion regarding who is a foreseeable plaintiff speaks to the "ultimate issue" before the Court; the ultimate issue, however, "remains a question of law upon which expert testimony is in no sense determinative."   *Romero*, 212 P.3d at 412; *see also Romero v. City of Santa Fe*, 134 P.3d 131 (N.M. Ct. App. 2006) ("observing that questions of law are "not subject to conclusive proof by expert testimony").   Moreover, Mr. Balian's "opinions and conclusions" are based not on personal knowledge of the facts of this case, but rather on Plaintiff's deposition testimony.   Doc. 36-2 at 2.   Indeed, Mr. Balian's affidavit makes clear that the only "personal knowledge" on which he bases his opinion is drawn from "being an owner, operator, and consultant in the retail industry."   *Id.* ¶ 4.   As such, Mr. Balian's affidavit is insufficient to create a genuine dispute as to any material fact.   *See* Fed. R. Civ. P. 56(c)(4).   Mr. Balian's vague and generalized conclusions regarding customer assistance standards in the retail industry provide no basis for the Court to determine that the type of injury that occurred in this case was reasonably foreseeable.

The Court determines that a business owner would not objectively and reasonably expect a customer to use his friend's knife to attempt to access a bound pallet of tile, rather than asking and waiting for assistance with the tile, and injure himself in the process.   "To expect [Home Depot]

to have anticipated this would be to require every [business] owner to anticipate total disaster each and every time" a customer enters its store.  *Madsen*, 992 P.2d at 273.  Neither Plaintiff nor the type of harm he experienced was reasonably foreseeable to Home Depot because of the way in which it stored its tile or staffed its store.  In the absence of foreseeability, Home Depot owed no duty to Plaintiff.  And in the absence of duty, Plaintiff's negligence claim fails as a matter of law.  Summary judgment in favor of Defendant thus is appropriate on Plaintiff's negligence claim.

II.     Proximate Cause

As discussed above, duty, the first element of Plaintiff's negligence claim, is absent as a matter of law.  The absence of this element is fatal to Plaintiff's claim, and thus provides a sufficient independent basis to grant Defendant's motion for summary judgment.  *Romero*, 212 P.3d at 410, 413.  For this reason, the Court need not reach the issue of whether Defendant's conduct proximately caused Plaintiff's injuries.  *Id.*

## CONCLUSION

Duty, the first element of Plaintiff's negligence claim, is absent as a matter of law.  The absence of this element is fatal to Plaintiff's claim, and thus provides a sufficient independent basis to grant Defendant's motion for summary judgment.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment and Memorandum in Support [Doc. 32] is granted.

DATED this 27th day of February, 2013.

_____
MARTHA VÁZQUEZ
United States District Judge